Kathleen E. BRECHEISEN, Appellant,

v.

The STATE of Texas, State.

No. 2–97–030–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 18, 1997.

Rehearing Overruled Feb. 12, 1998.

Fred Marsh, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Moira Parro, James Angelino, Tonya Jones, Assistant District Attorneys, Denton, for Appellee.

Before DAY, DAUPHINOT, and HOLMAN, JJ.

**OPINION**

DAUPHINOT, Justice.

Appellant, Kathleen Brecheisen, appeals the revocation of her two-year DWI probation. She brings a single point arguing that the State failed to exercise due diligence in executing the revocation arrest warrant. We affirm.

Appellant was placed on probation on September 12, 1991. On March 31, 1992, the State filed a motion to revoke probation. The warrant issued April 16, 1992. It was returned as unserved on October 6, 1993. Court records indicate, however, that Appellant was served with the warrant on October 6, 1993. Appellant testified that she was served while she was in the Tarrant County jail. Jail time was a condition of her Tarrant County probation for an offense committed before she was placed on the Denton County probation.

Appellant posted bond on the Denton case but failed to appear at a December 7, 1993 hearing. Capias issued on December 13,

1993. Appellant was served on December 15, 1993.

During the period between April 1992 and January 31, 1993, Appellant was in Dallas County jail, Dallas County Judicial Treatment Center in Wilmer, and under house arrest at her mother's home as required by her Dallas County probation. In April 1992, the Denton County Probation Department knew Appellant had pending cases in Dallas and in Fort Worth. A May 1992 probation record shows that, to aid Denton County in serving the complaint, the Dallas County warrant officer was going to try to get Appellant's address when she entered her plea in the Dallas case.

Denton County knew Appellant could be contacted through her mother in Dallas. Denton also knew Appellant was to appear in court in Dallas for sentencing on May 15, 1992. In August 1992, the Denton County Probation Department made a telephone call to Appellant. There was no answer. There was no activity between August 1992 and January 17, 1993.

The record is disturbing.

*Law*

Appellant filed a motion to dismiss the motion to revoke for lack of due diligence in executing the revocation arrest warrant. She also argued lack of due diligence at the hearing on the motion to revoke. The trial court denied her motion.

In *Rodriguez v. State,* the Court of Criminal Appeals reaffirmed the rules set out in *Prior v. State,* relating to revocation after expiration of the probationary term. The Court stated:

[A] trial court has jurisdiction to revoke ... probation imposed pursuant to Art. 42.12 ... after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion.[1]

---

1. *Rodriguez v. State,* 804 S.W.2d 516, 517 (Tex. Crim.App.1991) (quoting *Prior v. State,* 795

■ Due process requires that the State exercise due diligence in executing an arrest warrant.[2] Lack of due diligence is not an affirmative defense.[3] Once Appellant properly raises the issue at the revocation hearing, the burden shifts to the State to prove it has made a diligent effort to apprehend Appellant.[4] If the State fails to sustain its burden, the motion to dismiss should be granted.[5]

■ The State showed that, after the warrant issued, the Probation Office attempted one telephone call to Appellant. The State presented no evidence of any other action Denton County took to execute the warrant. It presented no evidence the warrant was ever placed on TCIC/NCIC.

The State failed to explain why it did so little to contact Appellant. Appellant was not in hiding. The State could have contacted her through the Dallas County Probation Office, the Dallas County and Tarrant County courts, her mother, or her employer. The State wholly failed to meet its burden. It was error for the trial judge to deny Appellant's motion to dismiss the motion to revoke probation for want of due diligence.

■ Denial of due process is constitutional error.[6] We must always reverse a constitutional error not subject to harmless error review.[7] We are also required to reverse a constitutional error when: (1) it is subject to harmless error review and (2) when we do not find beyond a reasonable doubt that the error did not contribute to the conviction or punishment.[8] However, we are not required to reverse a constitutional error when: (1) it is subject to harmless error review and (2) we find beyond a reasonable doubt that the error did not contribute to the conviction or punishment.[9]

■ We understand existing case law does not provide for harmless error analysis of a trial court's failure to grant a motion to dismiss a motion to revoke for lack of due diligence in executing a revocation arrest warrant. However, under the facts of this case, reason and fairness compel our decision to utilize harmless error analysis. In the case before us, had the warrant been served when Appellant was first jailed after the warrant issued, a detainer would have been lodged and credit for the time she was in custody in Dallas and Tarrant Counties would have been mandated.

■ It is not our intention to shift the burden to Appellant to show harm. Harm is presumed, and in this case, it is clear. However, because the conscientious trial judge awarded her credit for all periods of detention in Dallas and Tarrant Counties from the date the Denton County capias issued, he cured any injury the State's failure caused Appellant.

Harm to Appellant in this case may be analyzed by two measures. The first is the harm caused Appellant by the State's failure to exercise due diligence in serving the warrant. The second is the harm caused Appellant by the court's failure to dismiss the motion to revoke and discharge her from probation with no penalties.

*First:* The harm caused Appellant by the State's failure to exercise due diligence in serving the warrant was denial of credit for the time she was in custody in Dallas and Tarrant Counties. The trial court's error in denying the motion to revoke is wholly predicated upon this harm. Had there been no denial of procedural due process by failing to exercise due diligence in serving the warrant,

S.W.2d 179, 184 (Tex.Crim.App.1990)) (citing Tex.Code Crim. Proc. Ann. art. 42.12, § 3 (Vernon Supp.1998)).

2. *See Robinson v. Sartwell,* 264 F.Supp. 531, 534 (E.D.Mich.1967).

3. *See Rodriguez,* 804 S.W.2d at 518.

4. *See id.* at 519; *Harris v. State,* 843 S.W.2d 34, 35 (Tex.Crim.App.1992).

5. *See Rodriguez,* 804 S.W.2d at 519; *Langston v. State,* 800 S.W.2d 553, 555 (Tex.Crim.App.1990).

6. *See* U.S. Const. amends. IV, V; Tex. Const. art. I, § 19.

7. *See Nunfio v. State,* 808 S.W.2d 482, 485 (Tex. Crim.App.1991).

8. *See* Tex.R.App. P. 44.2(a).

9. *See id.*

it would not have been error to deny the motion to dismiss.

*Second:* The harm caused Appellant by the court's failure to dismiss the motion to revoke and discharge her from probation with no penalties was loss of a potential windfall. Appellant did not satisfactorily complete her probation. Yet, as a sanction for the State's denying her procedural due process right, the trial court was required to dismiss her from probation as though she had complied with the obligations of probation.

The trial court, however, looked to the logic and reasoning behind requiring this sanction. The trial court could make Appellant whole as to the failure to exercise due diligence by placing her in the position she would have been in had the State exercised due diligence. This the trial court did. The trial court should also not be required to dismiss the motion to revoke. Dismissal in this circumstance would become a windfall.

This is not a case in which witnesses and evidence disappeared or significant time elapsed. Appellant simply lost credit for the time she was in custody outside Denton County. We find beyond a reasonable doubt that, because of the trial court's decisive action, the error did not contribute to the conviction or punishment. Nor did it deprive Appellant of a substantial right.

Appellant's sole point is overruled and the judgment of the trial court is affirmed.